ORIGINAL

# In the United States Court of Federal Claims

No. 17-613C
Filed: December 8, 2017

```
*******************************************
                                          *
STEPHEN GRANITE,                          *
                                          *
        Plaintiff, pro se,                *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
        Defendant.                        *
                                          *
*******************************************
```

FILED

DEC - 8 2017

U.S. COURT OF
FEDERAL CLAIMS

**Stephen Granite**, Sacramento, California, Plaintiff, *pro se*.

**Jana Moses**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER
### GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Chief Judge*.

## I.   RELEVANT FACTUAL BACKGROUND.[1]

On May 5, 2017, Stephen Granite ("Plaintiff") filed a Complaint in the United States Court of Federal Claims alleging that, "many [three-]letter [federal] agencies" have done "horrible, evil, rotten, inhuman things to [him] every day for many years." Compl. at 1–2. Specifically, the May 5, 2017 Complaint alleges that unnamed federal agencies tormented Plaintiff through "a severe surveillance and harassment program" and attempted to kill him. Compl. at 1–2. In addition, the May 5, 2017 Complaint alleges that unnamed federal agencies also "[attempted to] ruin everything [Plaintiff] tr[ied] to do to help [him]self." Compl. at 1. The May 5, 2017 Complaint alleges, however, the Plaintiff has attempted to resolve these concerns over many years, without avail. Compl. at 2.

As a result, the May 5, 2017 Complaint alleges that Plaintiff has suffered "physical, mental, emotional, financial pain and suffering." Compl. at 1. He has also "lost all [interest] in everything." Compl. at 2. In addition, the May 5, 2017 Complaint alleges that three of Plaintiff's

---

[1] The facts discussed herein were derived from the May 5, 2017 Complaint ("Compl.").

relatives have been "lost . . . in strange accidents" and other relatives feel that their lives are being threatened. Compl. at 2.

As a result, the May 5, 2017 Complaint requests an award of $101 million, including $100 million for the unnamed federal agencies' alleged actions, and an additional $1 million for Plaintiff's "pain and suffering." Compl. at 3. Finally, the May 5, 2017 Complaint requests the "Federal Government to totally leave [Plaintiff] alone." Compl. at 3.

## II.   PROCEDURAL HISTORY.

On May 5, 2017, Plaintiff filed a Complaint in the United States Court of Federal Claims on the bases stated above.

On July 18, 2017, the Government filed a Motion To Dismiss ("7/18/17 Gov't Mot.") the May 5, 2017 Complaint, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6). Plaintiff's Response was due on August 18, 2017. *See* RCFC 7.2(b)(1). Plaintiff did not file a timely response.

On August 28, 2017, the court issued an Order To Show Cause, requiring Plaintiff to show cause why the above-captioned case should not be dismissed. Plaintiff's response was due on September 14, 2017.

On September 11, 2017, Plaintiff filed a letter ("Pl. Resp.") with the court stating the Government is wrong and he is right; he deserves compensation; the Government can afford to pay him; his torment is getting worse and will continue for the rest of his life. Pl. Resp. at 1.

On September 15, 2017, the Office of the Clerk filed Plaintiff's September 11, 2007 letter by leave of the court, as a response to the Government's July 18, 2017 Motion To Dismiss.

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker

Act[.]"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). Plaintiff must also make "a non-frivolous allegation that [he] is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

### B. Relevant Legal Standards.

#### 1. Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject–matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

#### 2. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The United States Court of Federal Claims traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

In addition, a *pro se* plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("[The plaintiff] must allege in his pleading the facts essential to show jurisdiction."); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ([The *pro se* plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."). The plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. *See Reynolds*, 846 F.3d at 748 ("[I]t was incumbent upon [the *pro se* plaintiff] to come forward with evidence establishing the court's jurisdiction.").

C.     **The Government's July 18, 2017 Motion To Dismiss.**

1.     **The Government's Argument.**

The Government argues that, for the United States Court of Federal Claims to adjudicate the May 5, 2017 Complaint, it must "articulate a cognizable claim that would demonstrate a Federal money-mandating statute or regulation was violated." 7/18/17 Gov't Mot. at 3.

The May 5, 2017 Complaint, however, does not allege that any Federal "money-mandating statute or regulation was violated." 7/18/17 Gov't Mot. at 3. Instead, the May 5, 2017 Complaint appears to request $101 million for "compensatory damages for personal injuries" *i.e.*, "physical, mental, emotional, financial pain and suffering." 7/18/17 Gov't Mot. at 3 (quoting Compl. at 1). In addition, the Plaintiff submits that an award of damages is necessitated by the Government's tortious acts of surveillance and harassment. 7/18/17 Gov't Mot. at 3 (citing Compl. at 1). But, the court is not authorized by law to adjudicate tort claims. 7/18/17 Gov't Mot. at 3 (citing 28 U.S.C. § 1491(a)(1)). As the court has recognized, it does not have "jurisdiction to entertain claims for harassment [as well as] intentional [and] negligent infliction of emotional distress." 7/18/17 Gov't Mot. at 3 (citing *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (Fed. Cl. 1998) ("The [Court of Federal Claims] does not have jurisdiction over claims that [the United States] engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties.")). Therefore, "even when liberally construed," the court does not have jurisdiction to adjudicate the claims alleged in the May 5, 2017 Complaint. 7/18/17 Gov't Mot. at 3.

In the alternative, the Government contends that the May 5, 2017 Complaint failed to "state a claim upon which relief may be granted." 7/18/17 Gov't Mot. at 3. As such, the court must dismiss this case as "factually frivolous," as it is "'clearly baseless' . . . a category encompassing allegations that are 'fanciful' . . . 'fantastic,' . . . and 'delusional.'" 7/18/17 Gov't Mot. at 4 (quoting *Denton v Hernandez*, 504 U.S. 25, 32–33 (1992) ("[T]he *in forma pauperis* statute . . . accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . to . . . dismiss those claims whose factual contentions are clearly baseless.") (internal citation and quotations omitted)).

The claims alleged in the May 5, 2017 Complaint clearly "do not rise above a speculative level and provide no plausible claim on which relief can be granted," pursuant to RCFC 12(b)(6). 7/18/17 Gov't Mot. at 3–4 (citing *Denton*, 504 U.S. at 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.")). Instead, the allegations in the May 5, 2017 Complaint rest on "unsupported accusations that the Government has harassed and surveilled [Plaintiff] for several years, causing physical, mental, emotional, financial pain and suffering." 7/18/17 Gov't Mot. at 4 (citing Compl. at 1). As such, the May 5, 2017 Complaint fails to state a claim upon which relief may be granted.

2.     **Plaintiff's Response.**

Plaintiff does not respond to any of the Government's arguments, but insists that he is "right and deserve[s] compensation for many years of surveillance, torture [and] [a]buse!" Pl. Resp. at 1 (emphasis omitted). In addition, the Plaintiff argues that the Government can afford to

compensate him for his injuries, will continue to mistreat him, and may kill him, because the Government ultimately wants him dead. Pl. Resp. at 1.

### 3.    The Court's Resolution.

Congress authorized the United States Court of Federal Claims to adjudicate only money-mandating claims against the United States, based on the United States Constitution, federal statutes, regulations, or contracts. *See* 28 U.S.C. § 1491(a)(1); *see also Mitchell*, 463 U.S. at 216–17. ("The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.") (internal citations and quotations omitted).

The United States Court of Federal Claims does not have jurisdiction to adjudicate claims of "intentional or negligent infliction of emotional distress," "harassment claims," or allegations that the federal government "engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties." *Cottrell* 42 Fed. Cl. at 149 ("It is well settled that the Court of Federal Claims lacks jurisdiction over any and every kind of tort claim.").

The May 5, 2017 Complaint does not allege any substantive claim that this court has jurisdiction to adjudicate, nor does it identify any money-mandating source for Plaintiff's claims. *See Testan*, 424 U.S. 392 at 398. ("The Tucker Act . . . is . . . only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the Court of Claims] whenever the substantive right exists. We therefore must determine . . . a substantive right to recover money damages from the United States[.]") (internal citations omitted).

In sum, the claims alleged in this case sound in tort, because they relate to alleged tortious actions by unnamed federal agencies. Compl. at 1–2. Although Plaintiff asserts that "many [three] letter agencies" have tormented him for "many years" by funding "a severe surveillance and harassment program" in an attempt to kill him (Compl. at 1–2 ), Congress has not authorized this court to adjudicate these claims.

For these reasons, the court does not have jurisdiction to adjudicate the May 5, 2017 Complaint.

## IV.    CONCLUSION.

For these reasons, the Government's July 18, 2017 Motion To Dismiss is granted. The May 5, 2017 Complaint is dismissed. The Clerk of the United States Court of Federal Claims is directed to enter judgment on behalf of the Government.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Chief Judge**